```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                                    :
JAMES STEWART,                      :
                                    :
        Plaintiff,                  :   Civ. No. 14-4700 (NLH)
                                    :
     v.                             :   OPINION
                                    :
CITY OF ATLANTIC POLICE             :
     DEPARTMENT, et al.,            :
                                    :
        Defendants.                 :
_____ :
```

APPEARANCES:
James Stewart, #222848
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff pro se

## I.  INTRODUCTION

Plaintiff is a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey.  Plaintiff brings this civil rights action pro se pursuant to 42 U.S.C. § 1983 and has submitted an application to proceed in forma pauperis.  Based on the in forma pauperis application, the Court will grant Plaintiff's application and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from suit. Because each of Plaintiff's claims is insufficiently plead, the complaint will be dismissed for failure to state a claim upon which relief will be granted. However, Plaintiff shall be given leave to file an amended complaint.

## II. BACKGROUND

Plaintiff states that on January 31, 2014 he was accused of attempting to rob an attendant at a gas station. Plaintiff states that two police officers, "Officers Beradis and Larelli," arrived on the scene and searched him. Plaintiff asserts that the search did not reveal any incriminating evidence. Plaintiff contends that Officers Beradis and Larelli then radioed to headquarters and had "detective Brown" obtain video surveillance footage of the alleged robbery. Plaintiff states that this footage was "logged and entered into Atlantic City property and evidence." Complaint at 5, Stewart v. City of Atlantic County Police Department, et al., No. 14-4700 (D.N.J. July 28, 2014), ECF No. 1. Plaintiff admits that the video shows him "walking in and out of the store[,]" however, he argues that it does not show a robbery occurring. Id. Plaintiff contends that, despite the lack of evidence, he was arrested and later indicted and

imprisoned under $200,000 bail for "robbery charges[1]." Id. at 6. Plaintiff names several defendants in the complaint; specifically: the Atlantic City Police Department, the Atlantic County Justice Facility, the Superior Court of Atlantic County, the Atlantic County Prosecutor's Office, and the Atlantic County Grand Jury Committee.

With respect to the false arrest claim against the Atlantic County Police Department, Plaintiff argues that he was arrested despite the absence of evidence against him.

In the section of his Complaint naming the Atlantic County Justice Facility as a defendant, Plaintiff states that he was attacked by three inmates and that he suffers physically and emotionally as a result of the attack.  The Court construes this as a failure to protect claim.

As to the Superior Court of Atlantic County, Plaintiff states that he was held in the Atlantic County Justice Facility with high bail under robbery charges with "[in]sufficient evidence."[2] Id. at 6-7.

---

[1] The complaint is unclear as to the precise charges brought against Plaintiff and whether he has been convicted and sentenced.

[2] In his Complaint, Plaintiff states that he was held "under robbery charges with sufficient evidence."  Presumably, this is a typo as Plaintiff continually maintains that there is insufficient evidence against him with respect to the alleged robbery.

Plaintiff next states that the Atlantic County Prosecutor's Office is to blame "for the physical beatings, the stress, and emotional damages" that he and his family are enduring as a result of the Prosecutor's decision to indict him rather than release him. Id. at 7.

Finally, Plaintiff alleges that the Atlantic County Grand Jury Committee was coerced into indicting him by the Prosecutor's Office.

Plaintiff requests monetary damages in the amount of $3,500,000 related to the attack he suffered and his false imprisonment.

### III. STANDARD OF REVIEW

A. Standard for Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 28 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his Constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988)).

## IV.  DISCUSSION

At the outset, to the extent that Plaintiff is seeking to challenge his conviction or sentence, or the fact of his incarceration, his challenge is subject to dismissal for lack of jurisdiction. See Williams v. Consovoy, 453 F.3d 173, 177 (3d

Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action.") (citation omitted).  However, to the extent that Plaintiff is seeking monetary relief for the claims discussed above, further discussion is warranted.

    A. Claims against Atlantic City Police Department

    As an initial matter, the Atlantic City Police Department is not a "person" subject to liability under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  A court in this district recently explained:

> A New Jersey police department is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J.S.A. 40A:14-118.  The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department.  See Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam; not precedential) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted).  See also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); Michaels v. State of New Jersey, 955 F. Supp. 315, 329 n. 1 (D.N.J. 1996).

Rivera v. Zwiegle, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 09, 2014).

Also, even if Plaintiff had properly named the municipality as a defendant, the Complaint would not state a claim. This Court explained in Charm v. New Jersey, No. 11-4676, 2012 WL 1455457 (D.N.J. April 24, 2012):

> [A] municipality cannot be held liable solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.

Charm, 2012 WL 1455457 at *2. This complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under Monell v. Dep't of Social Servs. New York City, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). See Hildebrand v. Allegheny County, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support Monell liability); McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for Monell claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was"); Karmo v. Borough of Darby, No. 14-2797, 2014 WL 4763831, at *6 (E.D.Pa. Sept. 25, 2014) (same). Accordingly, Plaintiff's claims against the Atlantic City Police Department are dismissed.[4]

---

[4] The Court notes that Plaintiff provides the names of specific officers in the body of his Complaint. However, there is no

B. Claims Against Atlantic County Justice Facility

Plaintiff has named the Atlantic County Justice Facility as a defendant in his Complaint. A jail, however, like a police department, is not a "person" amenable to suit under § 1983. See, e.g., Parrish v. Aramark Foods, Inc., No. 11-5556, 2012 WL 1118672, at *3 (D.N.J. April 2, 2012) (collecting cases).

The Court notes, however, that under the Eighth Amendment, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted).[5] "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). In light of Plaintiff's description of the attack against him and his resulting physical and emotional injuries, Plaintiff may have intended this section of

---

indication that those officers were intended to be named as individual defendants in this action.

[5] To the extent Plaintiff is a pretrial detainee, the Court of Appeals for the Third Circuit has held that, under the Constitution's guarantees of due process, a pretrial detainee is entitled to, at a minimum, no less protection from inmate violence than a sentenced inmate is under the Eighth Amendment. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012).

his Complaint to assert a failure to protect claim. Nevertheless, such a claim will be dismissed without prejudice.

To successfully state a claim for failure to protect, Plaintiff must allege facts showing (1) he is "incarcerated under conditions posing a substantial risk of harm"; and (2) the prison official has a "sufficiently culpable state of mind" that amounts to "deliberate indifference to inmate health or safety." See Farmer, 511 U.S. at 834, 837, cited in Bistrian, 696 F.3d at 367. In this case, Plaintiff has neither named a prison official nor alleged facts showing deliberate indifference. Accordingly, this claim will be dismissed without prejudice.

C. Claims Against the Superior Court of Atlantic County

As with the previous defendants, Plaintiff cannot state a claim against the Superior Court of New Jersey because that party is not a "person" subject to liability under § 1983. See Will, 491 U.S. at 70-71; Ray v. New Jersey, 219 F. App'x 121 (3d Cir. 2007); Johnson v. State of New Jersey, 869 F. Supp. 289, 296-97 (D.N.J. 1994). More specifically, the Eleventh Amendment, which applies to § 1983 claims, bars suits against states. See Bolden v. SEPTA, 953 F.2d 807, 813 (3d Cir. 1991). The Superior Court of Atlantic County is part of the judicial branch of New Jersey and is thus immune pursuant to the Eleventh Amendment. Johnson, 869 F. Supp. at 296-98. Therefore,

Plaintiff's allegations against this defendant will be dismissed with prejudice.

### D. Claims Against the Atlantic County Prosecutor's Office

Plaintiff has not presented a viable claim against the Atlantic County Prosecutor's Office.  Like police departments, jails and superior courts, prosecutor's offices are not cognizable as "persons" for the purposes of a § 1983 suit. Briggs v. Moore, 251 F. App'x 77 (3d Cir. 2007) (police department and prosecutor's office are not "persons" within the meaning of § 1983 suit); see also Pitman v. Ottehberg, No. 10-2538, 2015 WL 179392 (D.N.J. Jan. 14, 2015) (Section 1983 claim cannot exist against a prosecutor's office); Kamienski v. Attorney Gen. New Jersey, No. 11-3056, 2012 WL 4034236, at *4 (D.N.J. Sept. 12, 2012); West v. City of Jersey City Police Dept., No. 09-2836, 2009 WL 2016221 (D.N.J. July 07, 2009) (prosecutor's office is not a cognizable "person" for the purposes of § 1983 action).  Thus, Plaintiff's claims against the Atlantic County Prosecutor's Office fail for this reason alone.

Nevertheless, even if Plaintiff had named a specific prosecutor as a defendant, the claim, as pled, would fail. Plaintiff's vague allegations relate to the Prosecutor's Office's role in Plaintiff's indictment.  In other words, the allegations in the Complaint relate to a prosecutor acting

within his authority in seeking an indictment.  Accordingly, any named prosecutor would likely be immune from suit because he was acting within the scope of his duties. Imbler v. Pachtman, 424 U.S. 409, 418, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); LeBlanc v. Stedman, 483 F. App'x 666, 670 (3d Cir. 2012) (per curiam) (finding prosecutors immune from suit where they are acting within the scope of their duties in a criminal prosecution and noting that the protection includes a prosecutor's activities with preparing and filing charging documents); Green v. United States, 418 F. App'x 63, 66 (3d Cir. 2011) (per curiam) ("[P]rosecutors enjoy immunity from suit for damages under § 1983 for actions performed within their authority) (citations omitted); Darby v. Geiger, 441 F. App'x 840 (3d Cir. 2011).

Further, to the extent Plaintiff meant to bring a claim against a specific prosecutor for malicious prosecution, this claim, as pled, is untenable.  First, Plaintiff does not allege sufficient facts to show that any representative of the Atlantic County Prosecutor's Office acted maliciously or in bad faith. Moreover, Plaintiff has not asserted that any criminal proceeding ended in his favor. See Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir. 2007) (enumerating the elements of a malicious prosecution claim).

For the reasons stated above, Plaintiff's claim against the Atlantic County Prosecutor's Office is dismissed.

E. Claims Against the Atlantic County Grand Jury Committee

Plaintiff has also failed to state a claim against Defendant Atlantic County Grand Jury Committee.  In this section of his Complaint, Plaintiff expresses his disagreement with the grand jury's decision and summarily concludes that the grand jury was coerced into indicting him by the Prosecutor's Office. There is nothing alleged in this section which can be construed as a cause of action under § 1983.

Regardless, even if facts comprising a cause of action had been properly pled, grand jurors acting within the scope of their duties — similar to a judge and prosecutor — possess absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 423 n. 20 (1976).  A court in this district has stated with respect to grand juries:

> Courts have been consistent in holding grand jurors absolutely immune from liability for acts committed within the scope of their duties. This immunity protects grand jurors to enable them to be free to exercise their best judgment regarding sensitive legal and factual questions presented to them in secret proceedings without fear of being held accountable in damages actions. See DeCamp v. Douglas County Franklin Grand Jury, 978 F.2d 1047, 1050 (8th Cir. 1992), cert. denied, 509 U.S. 1047 (1993).

Ray v. New Jersey, No. 05-3508, 2006 WL 182083, at *7 (D.N.J. Jan. 20, 2006), aff'd, 219 F. App'x 121 (3d Cir. 2007).

Accordingly, because the Complaint in this action fails to allege that the grand jurors acted outside the scope of their

quasi-judicial statutory authority in indicting Plaintiff, this claim should be dismissed with prejudice.

V.   CONCLUSION

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In this case, because it is possible that Plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to file an application to re-open accompanied by a proposed amended complaint.[6]  An appropriate Order follows.

       ____s/ Noel L. Hillman__
       NOEL L. HILLMAN
       United States District Judge

Dated: March 10, 2015
At Camden, New Jersey

---

[6] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.